IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAMIKA MECCA SMITH EL:BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-055 |
| | ) | |
| ERIN SCHUETZE, Auben Realty, LLC, | ) | |
| UNIDENTIFIED AGENT, Auben Realty, | ) | |
| LLC; VICKI HESTER; CHARLES LYON; | ) | |
| AMY HARKE; RAMONE LAMPKIN; | ) | |
| ROBERT SAMS; EUGENE BRENTLY; | ) | |
| STEVEN BILLMAN; SCOTT REECE; | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff has paid the $400.00 filing fee in the above-captioned case. Because she is proceeding *pro se*, the Court will provide Plaintiff with some basic instructions regarding the development and progression of this case.

Initially, Plaintiff is responsible for serving Defendants. Because it is not immediately apparent in what capacity Plaintiff intends to sue Defendants Hester, Lyon, Harke, Lampkin, Sams, Brently, Billman, and Reece, all of whom Plaintiff alleges to be public officials or government employees, the Court will provide instructions on two types of service.[1] In order to properly request that Defendants waive personal service, Plaintiff must

---

[1] In an effort to ensure that Plaintiff has sufficient information to determine exactly which method of service may be appropriate for each Defendant, the Court **INSTRUCTS** the **CLERK**

(1) obtain from the Clerk of Court an appropriate number of copies of

    (a) the notice of lawsuit and request to waive service of summons form, and

    (b) the waiver of service of summons form;

(2) complete both forms for each Defendant; and

(3) mail the completed notice form, along with a copy of the file-stamped complaint and two waiver forms appended to Federal Rule of Civil Procedure 4, to Defendants by first class mail, with a prepaid means for returning the waiver form, and request that each Defendant waive formal service of the summons. Using the form appended to Rule 4, Defendants must be informed of the consequences of waiving and not waiving service.

Fed. R. Civ. P. 4(d).

Individuals, corporations, partnerships, and associations have a duty to avoid unnecessary expenses of serving the summons, and a defendant who fails to sign and return a waiver without good cause must bear the expenses incurred in making personal service. Fed. R. Civ. P. 4(d)(1) & (2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date Plaintiff mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, should a defendant choose not to waive personal service of the summons and complaint, Plaintiff is still responsible for properly effecting personal service. Fed. R. Civ. P. 4(c) & (e).

To the extent Plaintiff may be attempting to serve a state, a municipal corporation, or any other state-created governmental organization, Plaintiff must either: (1) serve a copy of the summons and complaint on the appropriate chief executive officer, or (2) serve a copy of the summons and complaint in the manner prescribed by the state's law for serving a

---

to attach a copy of Fed. R. Civ. P. 4, including the appended forms, to Plaintiff's service copy of this Order.

summons or like process on such a defendant. Fed. R. Civ. P. 4(j)(2).

The Court **HEREBY NOTIFIES** Plaintiff she has ninety days from the date her complaint was filed to serve Defendants, and failure to do so may result in their dismissal from this lawsuit or dismissal of the entire case. Fed. R. Civ. P. 4(m).

**IT IS ORDERED** that Plaintiff shall serve upon Defendants, or upon their attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by Defendants. Upon being given at least five days' notice of the scheduled deposition date, Plaintiff shall appear and permit her deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. Defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.[2]

---

[2]The Local Rules and commonly used Forms may be found on the Court's website at www.gasd.uscourts.gov/.

3

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case and failure to do so may result in dismissal for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within the time limit set forth in Local Rule 26.1(d).

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court. Exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, she should first contact the attorney for Defendants and try to work out the problem. If Plaintiff proceeds with the motion to compel, she should also file therewith a statement certifying that she has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within fourteen days of its service. "Failure to respond within the

applicable time period shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by a statement filed by Plaintiff. Loc. R. 56.1. Should a defendant file a motion for summary judgment, Plaintiff is advised that she will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a factual assertion in a defendant's motion for summary judgment be supported by affidavits or other materials in the record as provided in Fed. R. Civ. P. 56(c), Plaintiff must respond in kind with counter-affidavits or other such materials, if she desires to contest the defendant's factual assertion. Should Plaintiff fail to properly address a defendant's factual assertions and show that there is a genuine issue for trial, the factual assertions made in the defendant's motion which are properly supported will be accepted as undisputed and, if the defendant is entitled to judgment as a matter of law, summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 4th day of April, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA